United States District Court
Southern District of Texas
**ENTERED**
June 03, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| RICHARD A. SHARP III, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00150 |
| § | |
| ELIJAH MICHAEL ERVIN, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The parties in this matter are scheduled to appear before me for an initial pretrial and scheduling conference on September 25, 2024. *See* Dkt. 3. In advance of each initial conference, my staff and I screen newly filed matters to ensure that this court has subject matter jurisdiction. For the reasons explained below, this court does not have jurisdiction over this lawsuit.

## BACKGROUND

On May 28, 2024, Plaintiff Richard A. Sharp III ("Sharp"), proceeding without a lawyer, filed a complaint against Defendant Elijah Michael Ervin ("Ervin"). Sharp alleges that Ervin defamed him on the social media platform X, f/k/a Twitter, on four separate occasions this year. According to Sharp, the "[j]urisdiction of this Court arises under 28 U.S. Code § 1331 and 28 U.S. Code § 4101." Dkt. 1 at 1.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). The two primary sources of federal courts' original jurisdiction are federal question and diversity jurisdiction. *See* U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Federal question jurisdiction involves those "actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. Diversity jurisdiction requires that all persons on one side of a controversy be citizens of different states from all persons on the other side, and that the amount-in-controversy involve more than $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## ANALYSIS

"Instead of pleading diversity of citizenship as a basis for jurisdiction, [Sharp] pleaded federal question jurisdiction under 28 U.S.C. § 4101." *Barnes v. H.E. Butt Grocery Co.*, No. 4:23-cv-1631, 2023 WL 7118004, at *1 (S.D. Tex. Oct. 27, 2023) (dismissing case for lack of jurisdiction). But § 4101 "contains definitions used when litigants are seeking enforcement of foreign judgments against United States citizens who are entitled to First Amendment protections." *Robertson v. FBI*, No. 3:22-cv-05277, 2023 WL 2027833, at *3 (W.D. La. Jan. 31, 2023) (citing 28 U.S.C. § 4101). "It does not provide a federal cause of action for defamation." *Robertson*, 2023 WL 2027833, at *3. "There are no allegations of any judgments in this case, much less foreign ones. As such, [§ 4101] cannot serve as a jurisdictional basis." *Barnes*, 2023 WL 7118004, at *1; *see also McArthur v. C-Town Super Mkt.*, No. 3:21-cv-972, 2022 WL 2981573, at *5 (D. Conn. July 28, 2022) (collecting cases and holding, "Section 4101 does not provide a cause of action for defamation. For that reason, courts have declined to hold that similarly-situated plaintiffs alleging a cause of action under 28 U.S.C. § 4101 have established a basis for federal question jurisdiction."). Moreover, § 1331 is not itself an independent source of jurisdiction. *See High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (observing that § 1331 "will only confer subject matter jurisdiction where some other statute provides such a waiver"). Thus, if this court has jurisdiction at all, it must be based on diversity of citizenship.

Unfortunately, diversity jurisdiction is not apparent from the face of Sharp's Complaint. Although Sharp alleges that he is a resident of Texas and that he seeks

$500,000 in actual damages, the Complaint is silent as to Ervin's citizenship. Accordingly, based on the allegations in Sharp's Complaint, this court cannot exercise diversity jurisdiction over Sharp's lawsuit either.

## CONCLUSION

For the reasons discussed above, this court does not have jurisdiction over Sharp's Complaint. Sharp is **ORDERED** to file an Amended Complaint by Tuesday, June 18, 2024.[1] The failure to allege facts establishing complete diversity of citizenship will result in dismissal of this action without prejudice for lack of subject matter jurisdiction.

SIGNED this 3rd day of June 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the general rule is "that subject-matter jurisdiction depends on the state of things at the time of the action brought," the Supreme Court has held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) (quotation omitted).